UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | |
|---|---|
| JESSICA BOND, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| VS. | ) Case No. 5:12-CV-00351-XR |
| | ) |
| WELLS FARGO BANK, N.A., | ) |
| | ) |
| Defendant. | ) |
| | ) |
| | ) |

## ORDER

On this date, the Court considered Plaintiff Jessica Bond's Motion to Remand (docket no. 3), and Defendant Wells Fargo Bank's response thereto (docket no. 8). Following review of the Motion and the relevant authority, Plaintiff's Motion is DENIED.

## BACKGROUND

On October 12, 2001, Plaintiff executed a Deed of Trust to finance a parcel of property located in Bexar Country, Texas.[1] According to the Complaint, Plaintiff fell behind on her mortgage payments, and, in early 2010, Defendant advised Plaintiff that she could apply for assistance in complying with the mortgage payment schedule.[2] Plaintiff alleges that in March 2010 the parties entered into a written agreement that outlined a revised mortgage payment schedule for a trial period

---

[1] Defendant's Notice of Removal, Exhibit 1. (Docket No. 1)

[2] Pl.'s Second Am. Compl. at 2. (Docket No. 11)

1

for a modification.[3] Plaintiff asserts that she sent in the required amount of money for the modification, but was later told that Defendant was not going to abide by the terms of the agreement.[4]

On April 3, 2012, Plaintiff filed this suit in the 150th Judicial District Court of Bexar County, Texas.[5] Plaintiff's original petition alleged violations of the Texas Deceptive Trade Practices Act and sought a temporary restraining order and preliminary injunction preventing Defendant from foreclosing or taking any action regarding the property during the pendency of the lawsuit.[6] Defendant removed the case to this Court on April 16, 2012 based on diversity jurisdiction.[4] Plaintiff filed a Motion to Remand on May 8, 2012[5], and Defendant filed its response on May 16, 2012.[7] On May 21, 2012, Plaintiff amended her complaint amending her cause of action to allege breach of contract.[5]

## LEGAL STANDARD

Generally, "any civil action brought in a State court of which the district courts of the United States have original jurisdiction[] may be removed . . .." 28 U.S.C. § 1441(a). In order for a case

---

[3]*Id.*

[4]*Id*.

[5]Pl.'s Orig. Pet.,Case No. 2012-CI-05575. (Ex. B to Docket Entry No. 1).

[6]Pl.'s Second Am. Compl., at 3. (Docket No. 11)

[4]Defendant's Notice of Removal, Exhibit 1. (Docket No. 1)

[5]Docket No. 3.

[7]Docket No. 8.

[5]Docket No. 11.

for a modification.[3] Plaintiff asserts that she sent in the required amount of money for the modification, but was later told that Defendant was not going to abide by the terms of the agreement.[4]

On April 3, 2012, Plaintiff filed this suit in the 150th Judicial District Court of Bexar County, Texas.[5] Plaintiff's original petition alleged violations of the Texas Deceptive Trade Practices Act and sought a temporary restraining order and preliminary injunction preventing Defendant from foreclosing or taking any action regarding the property during the pendency of the lawsuit.[6] Defendant removed the case to this Court on April 16, 2012 based on diversity jurisdiction.[4] Plaintiff filed a Motion to Remand on May 8, 2012[5], and Defendant filed its response on May 16, 2012.[7] On May 21, 2012, Plaintiff amended her complaint amending her cause of action to allege breach of contract.[5]

## LEGAL STANDARD

Generally, "any civil action brought in a State court of which the district courts of the United States have original jurisdiction[] may be removed . . .." 28 U.S.C. § 1441(a). In order for a case

---

[3]*Id.*

[4]*Id*.

[5]Pl.'s Orig. Pet.,Case No. 2012-CI-05575. (Ex. B to Docket Entry No. 1).

[6]Pl.'s Second Am. Compl., at 3. (Docket No. 11)

[4]Defendant's Notice of Removal, Exhibit 1. (Docket No. 1)

[5]Docket No. 3.

[7]Docket No. 8.

[5]Docket No. 11.

to be removed based on diversity jurisdiction, the amount in controversy must exceed $75,000 and complete diversity must exist between the parties. 28 U.S.C. § 1332. The party invoking the removal jurisdiction of federal courts bears the burden of establishing federal jurisdiction over the state court suit. *Frank v. Bear Stearns & Co.*, 128 F.3d 919, 921-22 (5th Cir. 1997). The federal removal statutes are to be strictly construed against removal and in favor of remand. *Bosky v. Kroger Tex. LP*, 288 F.3d 208, 211 (5th Cir. 2002). If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded. 28 U.S.C. § 1447(c).

## ANALYSIS

Plaintiff seeks to remand the above-captioned case to State court. Plaintiff does not dispute that complete diversity exists; rather, she asserts that the amount in controversy is less that $75,000.[6] Specifically, Plaintiff asserts that the amount in controversy should be determined by "the value of the right Plaintiff is suing over," and that in this case "that would only be a couple of months rent . . . " Defendant responds by arguing that when injunctive relief is sought, the amount in controversy for jurisdictional purposes is measured by the direct pecuniary value of the right which the plaintiff seeks to enforce or protect. Here, Defendant asserts that the value of the right Plaintiff seeks to protect is the entire amount of the home. In support, Defendant submitted a tax apprisal document from the Bexar County Tax Assessor's Office that indicates that the property's fair market value was approximately $133,560 at the time of removal. Plaintiff has not disputed this amount.

"In actions seeking declaratory or injunctive relief the amount in controversy is measured by the value of the object of the litigation." *Hunt v. Wash. State Apple Adver. Comm'n*, 432 U.S. 333, 347, 97 S. Ct. 2434, 53 L. Ed. 2d 383 (1977). The Fifth Circuit has held that when a Plaintiff seeks

---

[6]Motion to Remand, at 4.

to "enjoin Defendant from foreclosing, selling, transferring, auctioning, or conducting the trustee's sale of the entire property . . . Plaintiff's entire property is the object of the litigation." *See Buttelman v. Wells Fargo Bank, N.A.*, No. 5:11-CV-00654-XR, 2011 WL 5155919, at * 3 (W.D. Tex. Oct. 28, 2011) (discussing Fifth Circuit cases).

Here, Plaintiff seeks to enjoin Defendant from selling or interfering with her exclusive use and enjoyment of the property. Thus, the value of the declaratory and injunctive relief is $133,560, the property's fair market value at the time of removal. *See Berry v. Chase Home Fin., LLC*, No. C-09-116, 2009 WL 2868224, at *3 (S.D. Tex. Aug. 27, 2009). Accordingly, the current record before the Court establishes that removal was proper on the basis of diversity jurisdiction.

## CONCLUSION

The Court concludes that the amount in controversy has been established and this Court has diversity jurisdiction over the case, and Plaintiff's Motion to Remand (docket no. 3) is DENIED.

It is so ORDERED.

SIGNED this 18th day of June, 2012.

_____
XAVIER RODRIGUEZ
UNITED STATES DISTRICT JUDGE